# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## NO. 22-2062

_____

**HINO MOTORS MANUFACTURING U.S.A., INC.,**
*Plaintiff-Appellee*
v.
**CHRIS HETMAN,**
*Defendant-Appellant.*

_____

**Appeal from the United States District Court
for the Eastern District of Michigan
The Honorable Terrence George Berg
Case No. 2:22-CV-10031**

_____

**PLAINTIFF-APPELLEE'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38 AND 28 U.S.C. § 1927**

_____

William Altman, Esq.
J. Michael Honeycutt, Esq.
FISHER & PHILLIPS LLP
227 West Trade Street
Suite 2020
Charlotte, North Carolina 28202
(704) 334-4565

*Attorneys For Plaintiff-Appellee*

_____

## **STATEMENT OF CORPORATE DISCLOSURE**

Pursuant to Sixth Circuit Rule 26.1, Hino Motors Manufacturing U.S.A., Inc. makes the following disclosures:

1.      Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identify of the parent corporation or affiliate and the relationship between it and named party.

Hino Motors Manufacturing U.S.A., Inc. is a wholly-owned subsidiary of Hino Motors, Ltd.

2.      Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If Yes, list the identify of such corporation and the nature of the financial interest:

No. Hino Motors Manufacturing U.S.A., Inc. is not publicly traded in the United States.

## I. INTRODUCTION

Plaintiff-Appellee, Hino Motors Manufacturing U.S.A., Inc. ("Hino") hereby moves pursuant to Federal Rules of Appellate Procedure 27, 38 and 28 U.S.C. § 1927 for an Order sanctioning Appellant and his counsel for filing and maintaining a frivolous appeal which has unreasonably multiplied the proceedings in this case.

## II. RELEVANT BACKGROUND

Plaintiff-Appellee Hino filed a Complaint alleging claims against Defendant-Appellant Chris Hetman for breach of fiduciary duty, breach of contract, violation of the Computer Fraud and Abuse Act, violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, unjust enrichment, and statutory conversion.

On May 3, 2021, Plaintiff-Appellee filed its Motion for Sanctions because, during discovery, Defendant-Appellant Hetman knowingly and willfully manufactured fraudulent evidence, provided false responses to written discovery, provided false testimony at deposition, and spoliated evidence.

On December 14, 2021, Magistrate Judge Stafford issued her Report and Recommendation that Plaintiff's Motion for Default Judgment be **GRANTED**, with the amount of damages to be determined at a separate hearing (Def. Ex. 1). Magistrate Judge Stafford's Report and Recommendation provided:

> Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections

>to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). **If a party fails to timely file specific objections, any further appeal is waived**. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And **only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived**. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991)

(Pl.'s Ex. 1, p. 16) (emphasis added).

Defendant-Appellant Hetman never filed objections to Magistrate Judge Stafford's December 14, 2021 Report and Recommendation.

On August 4, 2022, after briefing and a hearing on the issue of damages, Magistrate Judge Stafford issued a Report and Recommendation recommending that Plaintiff's Request for Damages, Attorney's Fees, and Costs be granted in part and denied in part. Again, Magistrate Judge Stafford's Report stated:

>Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). **If a party fails to timely file specific objections, any further appeal is waived**. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And **only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived**. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

(Pl.'s Ex. 2, p. 20) (emphasis added).

Defendant-Appellant never filed objections to Judge Stafford's August 4, 2022 Report and Recommendation.

3

On October 18, 2022, United States District Court Judge Terrence G. Berg adopted the Magistrate Judge's Report and Recommendation and entered an Order stating:

> The law provides that either party may serve and file written objections '[w]ithin fourteen days after being served with a copy' of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a 'de novo determination of those portions of the report . . . to which objection is made.' *Id*. **Where, as here, neither party has objected to the report, the district court is not obligated to independently review the record**. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court will, therefore, accept the Magistrate Judge's Report and Recommendation as its findings of fact and conclusions of law.

(Pl.'s Ex. 3, p. 3) (emphasis added).

On October 18, 2022 the United Stated District Court for the Eastern District of Michigan entered Judgment on Plaintiff's behalf in the amount of $2,942,966.60. (Pl.'s Ex. 4).

On November 16, 2022, despite being twice advised by the Court that he was foreclosed from filing an appeal, Defendant-Appellant filed his Notice of Appeal.

On November 21, 2022, five days after Appellant filed his Appeal, Counsel for Appellee via e-mail advised Appellant's counsel, Donald Darnell, that Appellant Hetman was precluded from filing an appeal with citation to Magistrate Judge Stafford's Order advising of same and asked that Appellant Hetman withdraw his Appeal. (Pl.'s Ex. 5). On that same day, counsel for Appellant responded via e-mail

4

stating: "Thank you for bringing this to my attention. I will look into it." (Pl.'s Ex. 5).

On November 29, 2022, having heard nothing from Defendant-Appellant, counsel for Appellee sent a letter to Appellant's counsel once again advising of the Magistrate Judge's Order and providing Sixth Circuit and U.S. Supreme Court authority that Appellant had waived his right to appeal. (Pl.'s Ex. 6). In that letter, Appellant was requested to advise by December 1, 2022, whether he would voluntarily dismiss his Appeal, or if not, explain why. (Pl.'s Ex. 6). Defendant-Appellant never responded.

On December 15, 2022, Plaintiff-Appellee filed a Motion to Dismiss Defendant-Appellant's appeal. (Dkt. No. 10).

On January 4, 2023, this Court dismissed Defendant-Appellant's appeal for lack of prosecution, stating that Defendant-Appellant had failed to meet his following obligations:

> The Form of Appearance was not filed by 12/6/2022.
>
> The Disclosure of Corporate Affiliations and Financial Interest was not filed by 12/6/2022.
>
> The Civil Appeal Statement of Parties and Issues was not filed by 12/6/2022.
>
> The Transcript Purchase Order was not filed by 12/6/2022.

(Dkt. No. 12).

### III.  ARGUMENT AND CITATION OF AUTHORITY

### i. Applicable rules and statutory authority

This Motion implicates the Federal Rules of Appellate Procedure, 28 U.S.C. § 1927, and the Sixth Circuit Local Rules. Federal Rule of Appellate Procedure 27 allows a party to bring an application for relief in writing to the Appellate Court. Rule 38 states:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

28 U.SC. § 1927 states:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

Courts use similar standards in evaluating sanctions under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. *See, e.g.*, *Dallo v. Immigration & Nationalization Service*, 765 F.2d 581, 589 (6th Cir. 1985) (applying § 1927 to a frivolous appeal). The main difference between the rules is to whom the sanctions apply. While sanctions under Rule 38 are available against both a party and the party's attorney, the text of § 1927 and the cases interpreting it suggest that sanctions under § 1927 are available only against the attorney who multiples the proceedings. *See, e.g.*, *Seifert v. Graphic Packaging Int'l, Inc.*, 486 F. App'x 594, 596 (6th Cir. 2012).

The Sixth Circuit Local Rules further provide that sanctions may be warranted for an appellant's failure to prosecute his appeal. *See* 6 Cir. R. 26(b); 6 Cir. R. 33(c). Specifically, Rule 33(c) states that an appellant's failure to file a Civil Appeal Statement. If n attorney or party fails to comply with a provision of this rule a court may choose to do any of the following:

> (A) Remove the case from mediation;
> (B) Assess reasonable expenses caused by the failure, including attorney's fees;
> (C) Assess all or a portion of the appellate costs;
> (D) Dismiss the appeal; and
> (E) Impose further sanctions as the court deems appropriate.

6 Cir. R. 33(c)(3).

### ii. Pursuant to Federal Rule of Appellate Procedure 28 and 28 U.SC. § 1927, Defendant-Appellant's conduct is sanctionable because he knowingly waived appellate review yet continued to file a frivolous appeal.

Pursuant to 28 U.S.C. Section 636(b)(1) of the Federal Magistrates Act and Rule 72(b) of the Federal Rules of Civil Procedure, a party is required to file objections to the federal magistrate's report or forever waive his right to appeal. In addition to the statutory notice, the Sixth Circuit has held "that a party's failure to object to a magistrate judge's report, within the time provided for filing objections, operates as a waiver of that party's right to appeal." *Gant v. Genco I, Inc.*, 274 F. App'x 429, 431 (6th Cir. 2008) (citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). The United States Supreme Court has also acknowledged and approved of

the Sixth Circuit's waiver rule. *See Thomas v. Arn*, 474 U.S. 140 (1985) ("The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing.").

In addition to Sixth Circuit and Supreme Court precedent, Magistrate Judge Stafford expressly advised Defendant-Appellant that he would have to file objections within fourteen days of her Report and Recommendation or be precluded from appeal. (Pl.'s Ex. 1; Pl.'s Ex. 2).

It is not a matter of dispute that Defendant-Appellant waived his right to appellate review by failing to file objections to Magistrate Judge Stafford's Report and Recommendation.

Moreover, Defendant-Appellant chose to maintain his Appeal despite being advised on two separate occasions of his waiver. On November 21, 2022, five days after Appellant filed his Appeal, counsel for Appellee via e-mail advised Appellant's counsel, Donald Darnell, that Appellant Hetman was precluded from filing an appeal with citation to Magistrate Judge Stafford's Order advising of same and asked that Appellant withdraw his Appeal. (Pl.'s Ex. 5). On that same day, counsel for Appellant responded via e-mail stating: "Thank you for bringing this to my attention. I will look into it." (Pl.'s Ex. 5). On November 29, 2022, having heard nothing from Appellant Hetman's counsel, counsel for Appellee sent a letter to Appellant's counsel

once again advising of the Magistrate Judge's Order and providing Sixth Circuit and U.S. Supreme Court authority that Appellant had waived his right to appeal. (Pl.'s Ex. 6). In that letter, Appellant was requested to advise by December 1, 2022, whether he would voluntarily dismiss his Appeal, or if not, explain why. (Pl.'s Ex. 6). Appellee's counsel received no reply.

Despite being advised expressly by the Court that he had waived his right to appeal, and despite being advised of Sixth Circuit and Supreme Court precedent holding that Plaintiff's failure to object to the Magistrate Judge's Report and Recommendation waived his right to appeal, Appellant still maintained his Appeal.

Defendant-Appellant's appeal in this case was without merit and thus frivolous under both Federal Appellate Rule 38 and 28 U.S.C. § 1927. As explained by this Court in *Seifert*:

> Rule 38 allows this court to award damages and costs if it determines that an appeal is frivolous. Rule 38 sanctions are "appropriate when an appeal is 'wholly without merit' and when the appellant's 'arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact.'" *B & H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 270 (6th Cir. 2008) (quoting *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999)).

*Seifert v. Graphic Packaging Int'l, Inc.*, 486 F. App'x 594, 595-96 (6th Cir. 2012). In *Seifert*, this Court also noted that the conduct of the plaintiff's counsel was sanc-

9

tionable under 28 U.S.C. § 1927, explaining that this standard is met "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Id.* (quoting *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1230 (6th Cir.1986)).

In this case, Defendant-Appellant and his counsel were aware that this appeal was entirely frivolous because Appellant had been repeatedly told so by the Magistrate Judge, by the Circuit Court Judge, and by Plaintiff-Appellee. The appeal was a waste of this Court's time, Plaintiff-Appellee's time and resources, and needlessly multiplied the proceedings in this case warranting sanctions under 28 U.S.C. § 1927. Defendant-Appellant's pursuit of an appeal was unwarranted by existing law and its only purpose was to harass, cause unnecessary delay, and needlessly increase the cost of litigation. *See Dallo v. Immigration & Nationalization Service*, 765 F.2d 581, 589 (6th Cir. 1985) (applying § 1927 to a frivolous appeal); *see also Merritt v. Int'l Ass'n of Machinists*, 613 F.3d 609, 626 (6th Cir. 2010) (affirming the decision of the district court to award fees as sanctions against Plaintiff's counsel for pursuing claims that had no basis in fact).

### iii. Pursuant to Local Rules 26(b) and 33(c), Defendant-Appellant's conduct is sanctionable because he failed to make any attempt to prosecute his appeal once it was filed resulting in costs to Plaintiff-Appellee.

Not only was Defendant-Appellant's appeal entirely frivolous but Appellant and his counsel made no efforts to comply with the requisite court requirements following his appeal. Defendant-Appellant failed to file an Appearance, failed to file

Corporate Interest Disclosure, failed to file a Civil Appeal Statement, and failed to order a transcript. Meanwhile, as outlined *infra*, Plaintiff-Appellee has spent many hours and additional costs inquiring as to why Defendant-Appellant filed this appeal, researching and citing case law to demonstrate to Appellant's counsel the appeal's frivolity, filing a Motion to Dismiss the appeal, and filing its own Confidential Mediation Background Information Form—all for an appeal for which both parties knew was frivolous in the first place.

Because this Court recognizes that an appellant's failure to process its appeal, including not meeting deadlines, may warrant sanctions under Local Rule 26(b) and 33(c), Plaintiff-Appellee believes that the facts and misconduct laid out in this Motion warrant appropriate sanctions. Due to the appeal, Plaintiff-Appellee was subject to incurring substantial fees and costs, undue delay, and was precluded from executing on the Judgment entered in this case during the pendency of the wrongfully filed appeal.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiff-Appellee respectfully requests that Defendant-Appellant and his counsel be given notice to respond as to why sanctions should not be entered against them including but not limited to payment of costs and fees incurred by Appellee in addressing the appeal, filing its motion to dismiss, and bringing this Motion.

WHEREFORE, Plaintiff-Appellee Hino requests this Court, after notice and opportunity to respond, issue sanctions against Appellant and his counsel including recovery of all costs and fees incurred in addressing Appellant's appeal and in bringing this Motion.

Filed March 21st, 2023.

Respectfully submitted,

*/s/ J. Michael Honeycutt, Esq.*
J. Michael Honeycutt (MI Bar # P60517)
William E. Altman (MI Bar #P52788)
FISHER & PHILLIPS LLP
227 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 334-4565
Facsimile: (704) 334-9774
Email: jhoneycutt@fisherphillips.com
Email: waltman@fisherphillips.com

*Attorneys for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21st, 2023, I electronically filed **PLAINTIFF-APPELLEE'S AMENDED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38 AND 28 U.S.C. § 1927** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Donald C. Darnell
8080 Grand Street, Ste. 1
Dexter, MI 48130
E-mail: dondarnell@darnell-law.com

*Attorney for Defendant-Appellant*

Date: March 21st, 2023.

/s/ *J. Michael Honeycutt, Esq.*
J. Michael Honeycutt
*Attorney for Appellee*